White, J.
The objection made to the prosecution of the petition in error in this case was decided by the Commission, in Collins v. Davis, to be well taken, 33 Ohio St. 567. In that case, as in this, the plaintiff had recovered judgment in the court of common pleas. This judgment on application by the defendant was reversed by the district court, and the cause was remanded to the common pleas for a new trial. The new trial in that case resulted in a judgment for the defenclant. On petition in error prosecuted by the plaintiff to reverse the judgment of reversal, it was held that by again trying the ease in the common pleas, on its merits, without objection, the plaintiff waived the right to prosecute error to reverse the judgment of reversal. That case is not distinguishable from the present.
It is however contended on behalf of the plaintiff in error that he has the unqualified right to pursue both the remedy to reverse the judgment of the district court, and the remedy by a new trial in pursuance of that judgment.
In Schaeffer v. Marienthal, 17 Ohio St. 183, it was held that where a judgment is reversed for errors occurring at the trial, and the cause is remanded for further proceedings, error will lie to reverse the judgment of reversal, while the cause is still pending in the court to which it has been remanded. This decision has been followed in many subsequent cases. In these cases it is held that such a judgment comes within the provisions of the code in relation to proceedings in error. It must be admitted however that it does not seem to constitute such a judgment as is defined in section 370 of the code. 2 S. & C. 1084. That section declares that, “ a judgment is the final determination of the rights of the parties in an action.”
The effect of a judgment of reversal and the remanding of the cause for a new trial is to open the case for re-trial upon the merits, and the result is the same as if the court whose judgment is reversed had granted the new trial.
We do not mean to question the authority of Schaeffer v. Marienthal, supra, and the other cases referred to. But it seems to us that the principle decided by the Commission is *221 a proper qualification of tbe right recognized by these eases of reviewing, on error, a judgment reversing a former judgment and ordering a new trial, on the grounds of error occurring at the first trial.
Where a new trial has been awarded and a party has voluntarily submitted to such trial, it seems to us but reasonable that he should be held, after verdict and judgment in the last trial, to have waived the right to prosecute error to reverse the judgment of reversal.
In the Texas Building Association v. Insurance Company, 34 Ohio St. 291, it was held that the execution of an order remanding a cause for a new trial, upon the reversal of a judgment of an inferior court, may be stayed by the court in which the petition in error is filed to reverse the judgment of reversal, or by a judge thereof. Such a stay would arrest the trial, where a petition in error was pending, until the case in error was determined. What the effect would be, if the stay was applied for and refused, we need not now consider. In the present case the proceeding in error was not commenced until after the last trial and judgment, and such trial as appears from the record was entirely voluntary on the part of the plaintiff.

Petition in error dismissed.